IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                              OPINION AND ORDER
              Plaintiff,

                              13-cv-411-bbc

      v.

DR. TOBIASZ,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jessie Williams has filed a proposed complaint under 42 U.S.C. §
1983 in which he complains about his conditions of confinement at the Waupun
Correctional Institution.  In particular, he alleges that "being in segregation . . . for 6 years"
has made him "mentall[y] ill."  He then lists various acts of self harm he has performed since
being in segregation, including "cutting," "tying [a] sheet around [his] neck" and
"overdos[i]ng [on] medication."  He also says that he is unable to sleep at night, talks to
himself and bangs on doors.  Plaintiff does not explain how defendant Tobiasz is related to
his claim, but I know from other cases filed in this court that Tobiasz is a "psychological
associate" at the Waupun prison.  E.g., Norwood v. Tobiasz, 11-cv-507-bbc (W.D. Wis.
Nov. 14, 2012), dkt. #77.

      Because plaintiff is a prisoner, I am required to screen his complaint to determine
whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or

1

seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

I conclude that plaintiff cannot satisfy this standard because the documents attached to his

complaint show that he has not exhausted his administrative remedies as required by 42

U.S.C. § 1997e(a).

In another case brought by plaintiff involving a claim that his conditions of

confinement were exacerbating a serious mental illness, Williams v. Hamblin, 12-cv-470-bbc

(W.D. Wis. May 31, 2013), dkt. #37, I dismissed that claim against different defendants

for plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. §

1997e(a).   Perhaps anticipating that he might face the same problem in this case, plaintiff

has attached to his complaint a different grievance that I could not consider before because

he submitted the grievance after he filed case no. 12-cv-470-bbc.  Ford v. Johnson, 362 F.3d

395, 398 (7th Cir. 2004).

In his new grievance, plaintiff wrote, "for me being in segregation so long for six years

it's made me me[n]tal[ly] ill."  He included no other information about his conditions or

their effect on him.  The grievance examiner rejected plaintiff's grievance on the ground that

it did "not allege sufficient facts upon which redress may be made" as required by Wis.

Admin. Code § DOC 310.11(5)(c).  In particular, the examiner wrote:

> The complaint is merely a statement of subjective belief.  Nothing is offered
> to support the claims made in the complaint.  No specific mental condition is
> referenced and no evidence exists inmate Williams is engaging PSU staff on
> the subject of his current housing location as it relates to his actions.

Plaintiff appealed the examiner's decision, but he left blank the section of the form

instructing him to "state briefly why you disagree with the reason for the rejection of your

2

complaint."  The reviewing authority affirmed the examiner's decision.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits."  Porter v. Nussle, 534 U.S. 516, 524 (2002).

To comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025.  In addition,  "[p]risoners must follow state rules about the . . . content of grievances."  Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir. 2004).  If they do not, the court must dismiss the prisoner's case, Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999), unless the rule is so onerous that it renders any remedy "unavailable" to the prisoner.  Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

In this case, the examiner determined that plaintiff had not complied with state rules about the content of grievances because he had not provided enough information in his grievance.  Although the examiner told plaintiff the type of information that was needed,

3

plaintiff did not include any additional facts in his appeal.  Plaintiff's grievances in case no. 12-cv-470 had a similar problem.   As I noted in the order dismissing that case, both this court and the court of appeals have concluded that dismissal is proper when the prisoner fails to follow the examiner's instructions.  Cannon, 418 F.3d at 718 (affirming dismissal for failure to exhaust when prisoner failed to follow examiner's instructions); Jones v. Frank, 2008 WL 4190322, *3-4 (W.D. Wis. 2008) (dismissing case for plaintiff's failure to comply with § DOC 310.11(5)(c) when examiner identified type of information that was missing from grievance).

In case no. 12-cv-470-bbc, plaintiff argued that his mental illness prevented him from filing a more specific grievance.  I rejected this argument, both because plaintiff had not alleged that he had asked prison officials for assistance in filing his grievance as provided in Wis. Admin. Code § DOC 310.09(7) and because the complaint he filed in this court showed that he was able to provide more specific allegations.

In this case, plaintiff does not allege that prison officials refused any request for assistance he made in filing or appealing his grievance, but at this stage I cannot draw inferences from plaintiff's silence.  However, plaintiff's own allegations in the complaint he filed in this court show again that he was capable of providing more detail in his grievance. At the least, he could have described the symptoms he was experiencing so the examiner knew what the particular problem was.  By failing to do that in his initial grievance or his appeal even after the examiner asked for more specific information, plaintiff failed to exhaust his available administrative remedies.

4

Ordinarily, a prisoner's failure to exhaust his administrative remedies is an affirmative defense that must be proven by the defendants, <u>Jones v. Bock</u>, 549 U.S. 199, 212, 127 S.Ct. 910, 919 (2007), but a district court may raise an affirmative defense on its own if it is clear from the face of the complaint and any documents attached to it that the defense applies. <u>Gleash v. Yuswak</u>, 308 F.3d 758, 760-61 (7th Cir. 2002); <u>Beanstalk Group Inc. v. AM General Corp.</u>, 283 F.3d 856, 858 (7th Cir. 2002) (documents attached to complaint become part of it for all purposes).  In this case, it is clear from plaintiff's own allegations and the grievance materials that he attached to his complaint that plaintiff did not comply with § 1997e(a).  Accordingly, I am dismissing the case  for plaintiff's failure to exhaust his administrative remedies.  In accordance with <u>Ford v. Johnson</u>, 362 F.3d 395, 401 (7th Cir. 2004), the dismissal will be without prejudice.

There is a plausible argument that the dismissal qualifies as one for failure to state a claim upon which relief may be granted, which would mean that plaintiff would receive a strike under 28 U.S.C. § 1915(g).  In <u>Jones</u>, 549 U.S. at 215, the Supreme Court considered the question whether "Congress meant to include failure to exhaust under the rubric of 'failure to state a claim' in the screening provisions of the PLRA."  In this context, the Court stated that a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. . . .Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." Although the Court's statement supports a view that a failure

to exhaust may qualify as a failure to state a claim if the dismissal occurs at the pleading stage, the Court did not resolve the question in <u>Jones</u> because it was not necessary to do so in that case.

In <u>Turley v. Gaetz</u>, 625 F.3d 1005 (7th Cir. 2010), the court considered the same question.  It did not discuss the quoted language from <u>Jones</u>, but it concluded that "[a] prisoner's failure to exhaust administrative remedies is statutorily distinct from his failure to state a claim upon which relief may be granted. The dismissal of an action for failure to exhaust therefore does not incur a strike."  <u>Id.</u> at 1013 (citations omitted).  In accordance with <u>Turley</u>, I will not issue a strike.


ORDER

IT IS ORDERED that

1. This case is DISMISSED WITHOUT PREJUDICE for plaintiff Jessie Williams's failure to state a claim upon which relief may be granted.

2.   Plaintiff is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under <u>Lucien v.  DeTella</u>, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fees have been paid in full.

3.  The clerk of court is directed to enter judgment in favor of defendant Tobiasz and

close this case.

Entered this 29th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge